UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV25-1370 |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| APPROXIMATELY 4405978.37715300 USDT; | |
| APPROXIMATELY 19.19116527 BTC; | |
| APPROXIMATELY 39.40728904 ETH; | |
| APPROXIMATELY 156.19269362 TRX; | |
| APPROXIMATELY 84613569.89184 LUNC; | |
| APPROXIMATELY 5.50961323 YFI; | |
| APPROXIMATELY 129601.0797 POL; | |
| APPROXIMATELY 288883.7747008 ADA; and | |
| ANY FUNDS OR CRYPTOCURRENCY DERIVED THEREFROM, | |
| Defendants. | |

## I.     NATURE OF THE ACTION

1.      This is a civil *in rem* action for forfeiture of the following property (collectively, "Defendant Cryptocurrency") seized by United States Homeland Security Investigations (HSI) on or about December 10 and 26, 2024, from the following accounts at Nest Services Limited, trading as Binance.com ("Binance"):

      a.      approximately 4,405,978.37715300 Tether (USDT) seized in the following amounts from the following accounts;

           i.      approximately 3,603,322.897115 USDT seized from transaction wallet -8071 linked to account -8363;

           ii.      approximately 658,322.68709357 USDT seized from account -9072;

           iii.      approximately 156,338.760943 USDT seized from account -3144;

      b.      approximately 19.19116527 Bitcoin (BTC) seized in the following amounts from the following accounts:

           i.      approximately 17.14077593 BTC seized from account -9072;

           ii.      approximately 2.05038934 BTC seized from account -8363;

      c.      approximately 39.40728904 Ether (ETH) seized in the following amounts from the following accounts:

           i.      approximately 39.3571018 ETH seized from account -8363;

           ii.      approximately 0.04528724 ETH seized from account -9072;

      d.      approximately 156.19269362 Tron (TRX) seized from account -9072;

      e.      approximately 84,613,569.89184 Terra Classic (LUNC) seized from account -8363;

      f.      approximately 5.50961323 Yearn.Finance (YFI) seized from account -8363;

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.    approximately 129,601.0797 Polygon Ecosystem Tokens (POL) seized from account -8363;

h.    approximately 288883.7747008 Cardano (ADA) seized from account -8363; and

i.    any funds or cryptocurrency derived therefrom.

## II.    LEGAL BASIS FOR FORFEITURE

2.    The Defendant Cryptocurrency is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) for violations of 18 U.S.C. §§ 1956(a)(1)(B)(i) (money laundering) and 1956(h) (money laundering conspiracy). Specifically, counsel for the United States has a reasonable belief the government will be able to prove based on a preponderance of the evidence that the Defendant Cryptocurrency constitutes property involved in, or traceable to property involved in, one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), which transactions involved proceeds of specified unlawful activity, that is, wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349, respectively.

## III.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. § 1395(b) (the Defendant Funds were seized in this district).

5.    HSI seized the Defendant Cryptocurrency on or about December 10 and 26, 2024, pursuant to federal warrants to seize property subject to forfeiture, issued in the Western District of Washington under the cause number 24-MC-00071-BAT. The Defendant Cryptocurrency remains in the custody of HSI.

6.    As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Funds if it is in the government's possession,

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Funds when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

## IV.    FACTUAL BASIS FOR FORFEITURE

**A.    Wire Fraud Conspiracy**

7.    Beginning no later than June 2022, and continuing until August 2024, perpetrators known and unknown devised and executed schemes to commit wire fraud.

8.    The perpetrators of the schemes to commit wire fraud induced victims to send domestic and international wire transfers to bank accounts held in the names of one or more of the following business entities (the "False Escrow Entities"):

> a.    Sea Forest International LLC;
>
> b.    Apex Oil and Gas Trading LLC;
>
> c.    Navigator Energy Logistics LLC;
>
> d.    Terminal Energy International Escrow Service LLC;
>
> e.    Energo Horizons Logistics (EA) LLC;
>
> f.    Legacy Energy Logistics Transport Group LLC;
>
> g.    Green Tree Gateway LLC.

9.    The perpetrators induced such wire transfers by falsely representing to the victims that the funds would be invested in the oil and gas industry such as, for example, by reserving oil tank storage in Rotterdam, Netherlands, or in Houston, Texas.

10.    The perpetrators falsely represented to victims of the wire fraud schemes that the False Escrow Entities receiving the wire transfers from victims would provide third-party fiduciary escrow services to facilitate the victims' investments in the oil and gas industry.

11.    The entities were, in fact, not licensed to provide escrow services and did not provide escrow services.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12.     Instead, upon receiving the victims' funds, the perpetrators ceased all communications with the victims. The perpetrators of the wire fraud schemes did not invest the victims' funds in any business venture as promised or return the victims' funds to the victims.

13.     The fraud schemes described above used interstate and foreign wires.

**B.     Money Laundering Conspiracy**

14.     At least 81 accounts at 24 financial institutions and at least 19 accounts at 8 cryptocurrency exchanges were opened in the names of the False Escrow Entities and the individuals who owned and controlled those entities.

15.     From approximately June 2022 through approximately July 2024, financial accounts controlled by the False Escrow Entities received at least $97.1 million in domestic and international third-party wire transfers and other third-party deposits comprising proceeds of the wire fraud schemes described above.

16.     Upon their receipt in accounts held in the names of the False Escrow Entities, victims' funds, constituting proceeds of wire fraud and conspiracy to commit wire fraud, were rapidly dispersed through the network of domestic and international financial accounts and cryptocurrency exchanges described above.

17.     Specifically, upon their receipt, the victims' funds were immediately wired or otherwise transferred to other accounts held in the names of the False Escrow Entities or in the names of individuals who owned and controlled the False Escrow Entities, to accounts at financial institutions in foreign jurisdictions, and to cryptocurrency exchanges. The victims' funds in those cryptocurrency exchange accounts were quickly converted to cryptocurrencies including Bitcoin, Tether, USD Coin, and Ethereum. The cryptocurrency was then sent to various deposit addresses controlled by the perpetrators.

18.     From approximately June 2022 through July 2024, financial accounts held in the names of the False Escrow Entities and in the names of individuals who owned and controlled the False Escrow Entities, which had received funds traceable to the third-

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. 4405978.37715300 USDT, et al.*

party victim wire transfers and deposits, collectively transferred approximately $85 million to cryptocurrency exchange accounts, also held in the names of the False Escrow Entities and in the names of individuals who owned and controlled the False Escrow Entities. Those cryptocurrency accounts transferred approximately $85 million in various cryptocurrencies to deposit addresses controlled by the perpetrators of the wire fraud scheme. Many of those transactions contained more than $10,000 in proceeds of wire fraud and conspiracy to commit wire fraud.

19.     Much of the cryptocurrency was ultimately deposited in addresses associated with a cluster of accounts held at Binance, a cryptocurrency exchange located in the Seychelles, with the following account identifiers (collectively, the "Binance Fraud Cluster accounts"):

        a.     -8363;

        a.     -3144;

        b.     -9072;

        c.     -1204;

        d.     -4244;

        e.     -5880; and

        f.     -5886.

20.     According to IP address and know-your-customer ("KYC") information, the Binance accounts were controlled by the same individual or individuals located in Nigeria and Russia. None of the accounts appeared to be registered to individuals or entities associated with the oil and gas industry.

21.     Some of the cryptocurrency converted from victims' funds was also sent to Obiex, a cryptocurrency exchange located in Nigeria, and to Garantex, a cryptocurrency exchange located in Russia alleged to have facilitated money laundering by transnational criminal organizations—including terrorist organizations—and sanctions violations.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

22.    The transactions described above were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity and were conducted by individuals with knowledge that they involved proceeds of some form of unlawful activity.

**C.    Nexus Between Conspiracies and Defendant Cryptocurrency**

23.    As set forth in more detail below, from approximately June 2022 through May 2024, cryptocurrency accounts held in the names of the False Escrow Entities and in the names of individuals who owned and controlled the False Escrow Entities conducted over 388 transactions to send various cryptocurrencies then valued at more than $79.7 million, derived from proceeds of the wire fraud schemes described above, to deposit addresses controlled by Binance accounts, including at least $35.1 million worth of cryptocurrencies sent directly and indirectly to addresses controlled by the Binance Fraud Cluster accounts. The Binance Fraud Cluster accounts also transferred cryptocurrency and funds, directly and indirectly, among themselves during the relevant period.

**1.    Cryptocurrency derived from wire fraud proceeds was sent from the False Escrow Entities to the Binance Fraud Cluster accounts.**

24.    From June 2022 through July 2022, wire transfers totaling at least $430,696.00 were sent from financial accounts held in the names of the False Escrow Entities to the cryptocurrency exchange Coinbase, Inc. ("Coinbase"). The funds were credited to accounts at Coinbase held in the names of the False Escrow Entities including account -4ece held in the name of Sea Forest International LLC ("Sea Forest").

25.    The deposits were used to purchase cryptocurrencies including BTC. During this same time period, at least 3.684811 BTC, valued at approximately $74,945.00 at the time of the transactions, was sent directly and indirectly from Coinbase account -4ece to one or more addresses controlled by the Binance Fraud Cluster accounts, including account -1204.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 7
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

26.     From July 2022 through November 2022, wire transfers totaling at least $1,471,254.25 were sent from financial accounts held in the names of the False Escrow Entities to the cryptocurrency exchange BAM Trading Services Inc., d/b/a Binance.US ("Binance.US"). The funds were credited to accounts at Binance.US held in the names of the False Escrow Entities and in the names of individuals who owned and controlled the False Escrow Entities, including account -9417 held in the name of Apex Oil and Gas Trading LLC ("Apex").

27.     The deposits were used to purchase cryptocurrencies including BTC and USDT. During this same time period, at least 67.602501 BTC valued at approximately $1,374,960.46 at the time of the transactions, was sent directly and indirectly from Binance.US account -9417 to addresses controlled by the Binance Fraud Cluster accounts, including accounts -3144, -9072, -4244, and -1204.

28.     From November 2022 through June 2023, wire transfers totaling at least $13,478,152.67 were sent from financial accounts held in the names of the False Escrow Entities to the United States-based cryptocurrency exchange Gemini Trust Company LLC ("Gemini"). The funds were credited to accounts at Gemini held in the names of the False Escrow Entities, including account -7255 held in the name of Apex.

29.     The deposits were used to purchase cryptocurrencies including BTC, USDT, and ETH. During this same time period, at least 299.2 BTC, valued at approximately $6,768,303.23 at the time of the transactions, was sent directly and indirectly from Gemini account -7255 to addresses controlled by the Binance Fraud Cluster accounts, including accounts -3144 and -9072.

30.     From May 2023 through February 2024, wire transfers totaling at least $20,067,647.30 were sent from financial accounts held in the names of the False Escrow Entities to the cryptocurrency exchange Circle Internet Financial LLC ("Circle"). The funds were credited to accounts at Circle held in the names of the False Escrow Entities and in the names of individuals who owned and controlled the False Escrow Entities,

including account -7308 held in the name of Navigator Energy Logistics LLC ("Navigator").

31.    The deposits were used to purchase cryptocurrencies including USDT and USDC. During this same time period, at least 902,890 USDT, valued at approximately $902,976 at the time of the transactions, and at least 12,539,864 USDC, valued at approximately $12,540,973.00 at the time of the transactions, was sent directly and indirectly from Circle account -7308 to addresses controlled by the Binance Fraud Cluster accounts, including accounts -3144, -4244, and -1204.

32.    From September 2023 through November 2023, wire transfers totaling at least $4,024,500.00 were sent from financial accounts held in the names of the False Escrow Entities to the cryptocurrency exchange TradeStation Group Inc. ("TradeStation"). The funds were credited to accounts at TradeStation held in the names of the False Escrow Entities including account -8487 held in the name of Energo Horizons Logistics (EA) LLC.

33.    The deposits were used to purchase cryptocurrencies including BTC, USDC, and ETH. During this same time period, at least 84.0593 BTC, valued at approximately $2,548,924.00 at the time of the transactions, and at least 738,171 USDC, valued at approximately $738,254 at the time of the transactions, was sent directly and indirectly from TradeStation account -8487 to addresses controlled by the Binance Fraud Cluster accounts, including accounts -3144, -4244, and -9072

34.    From November 2023 through April 2024, wire transfers totaling at least $33,860,000.00 were sent from accounts held in the name of Apex at five financial institutions to the cryptocurrency exchange Bitstamp USA Inc ("BitStamp"). The funds were credited to accounts at BitStamp held in the names of the False Escrow Entities and in the names of individuals who owned and controlled the False Escrow Entities, including account -8090 held in the name of Apex.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 9
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

35.     The deposits were used to purchase cryptocurrencies including BTC, USDT, ETH, USDC, and XRP. During this same time period, at least 165.5476 BTC, valued at approximately $7,443,627.00 at the time of the transactions, at least 2,579,237.289 USDT, valued at approximately $2,579,392.27 at the time of the transactions, and at least 136,761 USDC, valued at approximately $136,733.82 at the time of the transactions, were sent directly and indirectly from BitStamp account -8090 to addresses controlled by the Binance Fraud Cluster accounts, including accounts -3144, -4244, and -1204.

**2.     Cryptocurrency was transferred between and among the Binance Fraud Cluster accounts.**

36.     From September 2023 through June 2024, account -3144 sent at least 70 transfers totaling approximately 6,187,187.00 USDT to account -8363.

37.     From November 2022 through June 2024, account -4244 sent at least 21 transfers totaling approximately 1,933,865.38992500 USDT to account -5880. From October 2023 through June 2024, account -4244 sent at least 8 transfers totaling approximately 205,530.00000000 USDT to account -8363. From September 2023 through June 2024, account -4244 sent at least 26 transfers totaling approximately 45,434.16322683 USDT to account -5886. From December 2022 through March 2024, account -4244 sent at least 42 transfers totaling approximately 1,454,213.87658800 USDT to account -9072.

38.     From December 2022 through November 2023, account -9072 sent at least 9 transfers totaling approximately 453,722.10519200 USDT to account -5880. From September 2023 through June 2024, account -9072 sent at least 7 transfers totaling approximately 555,800.00000000 USDT to account -8363. From December 2022 through June 2024, account -9072 sent at least 7 transfers totaling approximately 555,800.00000000 USDT to account -4244.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 10
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

39.    From December 2023 through April 2024, account -1204 sent at least 8 transfers totaling approximately 422,050.00 USDT to account -5880.

40.    From August 2022 through February 2024, account -8363 sent at least 2 transfers totaling approximately 9,029.32755600 USDT to account -3144. Additionally, account -8071 is a Binance Pay account funded by and accessible via account -8363.

41.    In November 2022, account -5880 sent approximately 0.15880000 BTC valued at approximately 2,638.89393600 USDT to account -9072.

**3.    The Binance Fraud Cluster accounts were accessed by the same IP addresses on the same days.**

42.    Some of the Binance Fraud Cluster accounts were accessed by the same IP address within a short period of time such as the same day, or up to three months, with other Binance Fraud Cluster accounts. The IP addresses were not associated with a virtual private network ("VPN").[1]

43.    For example, from March 2021 through April 2023, there were at least nine IP addresses located in Russia and Nigeria that accessed both accounts -8363 and -3144 on the same day. The IP addresses geolocated to Nigeria and Russia.

44.    As another example, there were at least two IP addresses, geolocated to Nigeria, that accessed both accounts -3144 and -9072 on the same day.

**V.    REQUEST FOR RELIEF**

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove by a preponderance of the evidence that the Defendant Cryptocurrency constitutes property involved in, or traceable to property involved in, one or more transactions or attempted transactions in violation of 18 U.S.C.

---

[1] A virtual private network is a mechanism for creating a secure connection between a computing device and a computer network, or between two networks, using an insecure communication medium such as the public Internet.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 11
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  §§ 1956(a)(1)(B)(i) and (h), which transactions involved proceeds of specified unlawful

2  activity, that is, wire fraud and wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343

3  and 1349, respectively, and that the Defendant Currency is therefore forfeitable to the

4  United States pursuant to 18 U.S.C. § 981(a)(1)(A).

5       WHEREFORE, the United States respectfully requests:

6      A.    A warrant issue for the arrest of the Defendant Cryptocurrency;

7      B.    That due notice be given to all interested parties to appear and show cause

8            why the Defendant Cryptocurrency should not be forfeited;

9      C.    The Defendant Cryptocurrency be forfeited to the United States for

10           disposition according to law; and

11     D.    For such other and further relief as this Court may deem just and proper.

12     DATED this 22nd day of July, 2025.

13                Respectfully submitted,

14                TEAL LUTHY MILLER
                  Acting United States Attorney

15

16                *s/ Jehiel I. Baer*

17                JEHIEL I. BAER
                  YUNAH CHUNG

18                Assistant United States Attorneys
                  United States Attorney's Office

19                700 Stewart Street, Suite 5220

20                Seattle, Washington 98101-1271
                  Phone:    206-553-2242

21                Fax:       206-553-6934

22                Emails:    Jehiel.Baer@usdoj.gov

23                               Yunah.Chung@usdoj.gov

24

25

26

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 12
*United States v. 4405978.37715300 USDT, et al.*

## **VERIFICATION**

I, Phillip Hills, am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI), in Seattle, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *in Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this 21st day of July, 2025.

_____
PHILLIP HILLS
Special Agent
Homeland Security Investigations

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 13
*United States v. 4405978.37715300 USDT, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970